UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Civil Action No.: 1:09-cv-00089

| | |
|---|---|
| PNC EQUIPMENT FINANCE, LLC, f/k/a PNC LEASING, LLC, | ) ) ) |
| Plaintiff | ) ) ) |
| v. | ) ) |
| BEECHJET 400-31 AIRCRAFT PARTNERS, | ) ) |
| TODD M. ENRIGHT, | ) ) |
| HUGH M. EATON, III, | ) ) |
| HAWKER BEECHCRAFT SERVICES, INC., | ) ) |
| ELLIOTT AVIATION OF MINNEAPOLIS, INC., | ) ) |
| and | ) ) |
| COLT INTERNATIONAL, INC., | ) ) |
| Defendants | ) |

**CONSENT JUDGMENT AND ORDER OF SALE**

This matter has been brought before the Court upon a partially consented-to motion by Plaintiff, PNC Equipment Finance, LLC, f/k/a PNC Leasing, LLC ("PNC"), for judgment and order of sale. The Plaintiff and Defendants Hawker Beechcraft Services ("Hawker") and Elliott Aviation of Minneapolis, Inc. ("Elliott") stipulate, and the Court so finds, that:

    1.    The Court has original jurisdiction pursuant to 28 U.S.C. §1331 and supplemental jurisdiction pursuant 28 U.S.C. §1367(a).

    2.    Venue is properly laid in this Court.

3.  On or about June 7, 2005, Defendant Beechjet 400-31 Aircraft Partners, LLC ("Beechjet") executed and delivered to PNC a Promissory Note in the original principal amount of One Million Seventy-seven Thousand Dollars ($1,077,000.00).

4.  To secure that Promissory Note, Defendant Beechjet executed and delivered to PNC an Aircraft Security Agreement dated June 7, 2005, granting a security interest to Plaintiff in and to a certain 1987 Beech 400 "Beechjet" aircraft, Serial No. RJ31, FAA Registration No. N499P, together with its engines, components, parts, accessories equipment and log books (the "Aircraft").

5.  Defendant Beechjet is in default on the Promissory Note and Aircraft Security Agreement.

6.  As of October 28, 2009, there was due and owing on the Note the sum of Nine Hundred Fifty Thousand One Hundred Eighty-Three Dollars and Seventy Cents ($950,183.70) in principal, plus accrued interest in the amount of One Hundred and Eighteen Thousand One Hundred Nine Dollars and Forty-three Cents ($118,109.43), plus prepayment penalties in the amount of Nine Thousand Five Hundred and One Dollars and Eighty-four Cents ($9,501.84), plus penalties and late charges of Thirteen Thousand Five Hundred Dollars ($13,500.00), plus forced place insurance premiums in the amount of Fourteen Thousand Forty-eight Dollars ($14,048.00), plus *per diem* interest of Two Hundred Twenty-three Dollars and Twenty-four Cents ($223.24) accruing during the period October 1-31, 2009, plus costs of collection, including, but not limited to, attorneys' fees.

7.  PNC's security interest in the Aircraft is superior to that of any of the other parties or any other lien holder.

8. PNC has dismissed its claims against Defendant Hugh M. Eaton, III pursuant to F.R. Civ. P. 41(a)(1)(A)(i), and all remaining Defendants have been properly served.

9. Defendants Beechjet and Colt International, Inc. ("Colt") have been defaulted pursuant to Order of the Court dated June 10, 2009.

10. Defendants Hawker; Elliott, and Enright and have appeared and answered the Amended Complaint in this matter.

11. On November 10, 2009 Defendant Beechjet was defaulted on the Cross-claim filed against it by Elliott pursuant to the Order of this Court, and judgment was entered in Elliott's favor in the amount of $43,682.70, exclusive of interest and costs.

12. Defendant Beechjet has been defaulted on the Cross-claim filed against it by Hawker pursuant to the Order of the Court dated October 30, 2009.

WHEREFORE, it is hereby ORDERED, ADJUDGED and DECREED as follows:

A. Judgment is entered against Defendant Beechjet and in favor of PNC Equipment Finance, LLC in the amount of $1,106,012.69, plus interest accruing after October 31, 2009, costs of collection, including attorneys' fees, expenses of sale, storage fees and other amounts advanced to protect the security of the Aircraft Security Agreement, both prior to and including the date of sale, and fees and disbursements prior to and including any post-judgment motions and/or objections until all said post-judgment motions and objections are fully resolved and all appeal periods have expired. PNC shall file a request for attorney's fees within thirty (30) days after the date the Order of Sale is confirmed by the Court as more fully set forth in Paragraph L below.

    B.       Judgment is entered against Defendant Beechjet and in favor of Hawker Beechcraft Services, Inc. in the amount of $114,116.76, plus interest pursuant to law.

    C.       PNC is authorized to release the log books for the aircraft subject to the said Aircraft Security Agreement which it received from Elliott.

    D.       The priority of claims against the Aircraft shall be as follows:

        i.       PNC in the amount of the judgment more fully referred to in Paragraph 12 A above;

        ii.      Elliott, in the amount of $43,682.70, plus legal interest and costs;

        iii.     Hawker in the amount $114,116.76, plus legal interest and costs;

        iv.     All other liens against the Aircraft, whether or not filed with the Federal Aviation Administration, are hereby declared to be null, void and unenforceable.

    F.       All claims for money damages against all Defendants other than Beechjet are dismissed with prejudice and without costs.

    G.       The Aircraft shall be sold to answer the judgments in favor of PNC, Elliott and Hawker. The United States Marshal, or one of his deputies, shall sell and dispose of the Aircraft to the highest bidder at a public auction at the premises of Hawker Beechcraft Services, Inc. in Atlanta, Georgia, on a date and time to be arranged by counsel for PNC and the United States Marshal for the Northern District of Georgia ("Date of Sale").

    H.       The sale of the Aircraft shall be on an "as is – where is" basis. The Aircraft may be inspected upon arrangements with the U.S. Marshal or Hawker.

    I.       PNC is hereby permitted to bid at the sale an amount up to and including the amount of its judgment as of the date of the sale, and to purchase the Aircraft, without having to

4

pay money to either the United States Marshal or this Court until such time as the Court so orders.

J.   Elliott is hereby permitted to bid at the sale an amount up to and including the amount of its judgment as of the Date of Sale, and to purchase the Aircraft, without having to pay money to either the United States Marshal or this Court until such time as the Court so orders.

K.   Hawker is hereby permitted to bid at the sale an amount up to and including the amount of its judgment as of the Date of Sale, and to purchase the Aircraft, without having to pay money to either the United States Marshal or this Court until such time as the Court so orders.

L.   PNC shall file a motion to confirm the sale within 30 days of the Date of Sale.

M.   Should a person or entity other than PNC, Elliott or Hawker be the successful bidder at the sale, then such party shall provide to the United States Marshal a ten percent (10%) deposit by cash or bank check on the Date of Sale, with the balance to be paid upon confirmation of the sale by this Court.  All proceeds of such sale are to be paid into the registry of this Court, subject to further orders and decrees as the Court shall make.

N.   Any surplus remaining from the sale of the Aircraft, after payment of all sums due and owing arising out of the sale of the Aircraft and satisfaction of sums due to PNC, Elliott and Hawker as set forth herein, shall be returned to Beechjet.

O   The Aircraft shall continue to be stored with Defendant Hawker through the Date of Sale.  PNC shall pay Hawker a storage fee of $2,000.00 per month from June 8, 2009 until the Date of Sale, with any period of less than an entire month to be pro-rated accordingly.  Any sums

paid to Hawker for storage shall be included in the judgment in favor of PNC and against Beechjet.

  P. PNC shall pay to Elliott the sum of $3,500.  Such sum shall be included in the judgment in favor of PNC and against Beechjet

SO ORDERED.

DATE: __12/10_____, 2009.  _____
            Judge, United States District Court

PNC/Beechjet
Consent J
11 16 09